IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TY P. SCHOPP AND
ANNETTE SCHOPP                                                                    PLAINTIFFS

V.                                                       CIVIL ACTION NO. 3:18CV041-NBB-RP

ALLSTATE INSURANCE COMPANY                                                         DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs, Ty and Annette Schopp, brought this action seeking a declaration as to the limits of underinsured motorist coverage available through an automobile insurance policy issued to them by defendant Allstate Insurance Company bearing policy number 921 569 821. The plaintiffs allege they suffered severe bodily injuries as the result of an automobile accident occurring on February 13, 2015. The tortfeasor, whose negligence was determined to be the sole proximate cause of the accident, was traveling northbound in the southbound lane of Robertson Gin Road in DeSoto County, Mississippi, when his vehicle collided head on into the vehicle in which the plaintiffs were traveling.

The tortfeasor was insured at the time of the accident by a $100,000.00 liability policy issued through AAA Insurance. AAA Insurance offered the policy limits to the plaintiffs which the plaintiffs accepted with Allstate's consent. Allstate then tendered what it asserts are the uninsured/underinsured motorist limits of the plaintiffs' policy for a total settlement of $150,000.00. This figure represents underinsured motorist coverage of $25,000.00 per

person/$50,000.00 per vehicle for a total of three insured vehicles. These coverages are stackable, as allowed by Mississippi law, creating total underinsured motorist coverage in the amount of $75,000.00 per person/$150,000.00 per accident. Allstate maintains that this disbursement represents satisfaction of its contractual obligation to the plaintiffs. The plaintiffs assert that the underinsured motorist coverages should be equal to the bodily injury liability coverages of the policy and that they are due an additional $450,000.00 ($225,000.00 each).

The plaintiffs originally filed this action in the DeSoto County Chancery Court. The defendant subsequently removed the case to this court based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. The defendant has now moved for judgment as a matter of law.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Further, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied

2

that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

The plaintiffs base their argument that they are entitled to their policy's bodily injury liability limits on their assertion that the policy's uninsured/underinsured motorist "selection/rejection form" is void. This form bears a signature that purports to be that of plaintiff Ty Schopp, but Mr. Schopp contends that the signature is a forgery. The plaintiffs argue that if the form is void and therefore not binding, the uninsured/underinsured motorist limits of the policy should be equal to the bodily injury liability limits of the policy. Allstate's position is that the form was faxed to the Schopps and was returned to the insurance agency signed but that even if the form is void, the plaintiffs are nevertheless only entitled to the minimum uninsured/underinsured motorist coverage required by Mississippi law.

Under the caption "Uninsured Motorists Insurance – Bodily Injury Options," the selection/rejection form at issue reflects that "Option 1" was chosen. Option 1 states, "Yes, I want Uninsured Motorists Insurance – Bodily Injury limits equal to the minimum limits required by the Mississippi Motor Vehicle Safety-Responsibility Law (i.e., $25,000/$50,000)." Option 2, which is unchecked on said form, allows the insured to choose additional uninsured motorist insurance above the Mississippi statutory minimum in various incremental amounts ranging from $25,000/$100,000[1] to $2,000,000/$2,000,000. This option also provides that "[t]he limits selected for Uninsured Motorists Insurance – Bodily Injury must not be greater than my limits

---

[1] The first number indicates coverage limits for bodily injury to one person in any one motor vehicle accident, and the second number indicates coverage limits for bodily injury to two or more persons in any one accident.

3

for Automobile Liability Insurance – Bodily Injury." The selection/rejection form also contains an "Option to Reject Uninsured Motorists Insurance Completely."

Mississippi law requires that all automobile insurance policies issued within the state contain a provision for uninsured/underinsured motorist coverage. Miss. Code Ann. § 83-11-101(1). "Under the statute, the only coverage required to be written, unless rejected by written waiver, is the 'limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law.[2]'" *Owens v. Mississippi Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1074 (quoting Miss. Code Ann. § 83-11-101(1)). This minimum is $25,000.00 per person/$50,000.00 per accident.

The statute also provides that policies may be written which do not contain uninsured/underinsured coverages at all. Such a waiver of the state's minimum limits must be obtained knowingly and voluntarily from an insured named in the policy and must be in writing. *Owens*, 910 So. 2d at 1074; Miss. Code Ann. § 83-11-101(1). Under Mississippi law, a writing is only required to reject uninsured/underinsured coverage altogether.

No such writing is required pertaining to an increase in uninsured/underinsured motorist limits from the state minimum. The *Owens* court explained:

> [A]ccording to the statute, every automobile liability policy written in Mississippi provides UM coverage up to the MVSRL limit, regardless of what may or may not be written in the policy. The same cannot be said for optional coverage which exceeds that limit. Such optional coverage is not required by statute, and the statute contains no requirement of a waiver for an insured to reject the optional coverage. We reject the notion that this Court should bypass the Legislature and judicially create an obligation to obtain a knowing and intelligent waiver or rejection of optional coverage. The Legislature could easily have required every insurance policy to include such coverage, unless waived. However, it did not. Instead, it chose only to require such waiver of the MVSRL limit, and further it provided that additional coverage "at the option of the insured…may be increased."

---

[2] Miss. Code Ann. § 63-15-3.

*Owens*, 910 So. 2d at 1074-75. The *Owens* court thus "reject[ed] and overrul[ed] the implication in *Berry*[3] that an insurance agent has the absolute, court-created duty to explain an insured's right to purchase additional UM coverage, over and above the amount of coverage required by statute." *Id.* at 1074.

The plaintiffs' argument that the nullity of the allegedly void selection/rejection form results in their uninsured/underinsured motorist coverage reverting to the limits of their bodily injury liability coverage rather than to the state minimum coverage is unsupported by Mississippi statutory and case law. The only authority cited by the plaintiffs in support of their argument are references to the general policy that the uninsured/underinsured motorist statute should be liberally interpreted. They have cited no authority providing for a reversion to bodily injury liability limits in the event the uninsured/underinsured motorist selection/rejection form is rendered void. Taking as true the Schopps' position that Mr. Schopp's signature is a forgery and that their form is void, the court finds that the uninsured/underinsured motorist limits of their policy would revert to an amount equal to that required by the applicable statute, that is, $25,000.00 per person/$50,000.00 per accident – not the bodily injury liability limits, as the plaintiffs argue.

The court also notes that Mr. Schopp executed a separate selection/rejection form for the same policy on January 5, 2011, containing the same coverages which he has now alleged he did not choose. The authenticity of the signature on this document has not been contested. Forms signed regarding uninsured/underinsured motorist coverage are effective for extensions of the same policy. *See Honeycutt v. Coleman*, 120 So. 3d 407, 414 (Miss. Ct. App. 2012), *rev'd on other grounds*, 120 So. 3d 358 (Miss. 2013). Assuming arguendo that the later executed form is

---

[3] *Aetna Casualty & Surety Co. v. Berry*, 669 So. 2d 56 (Miss. 1996).

void, as the plaintiffs assert, the January 2011 form would then extend through the life of the policy.

The court further notes the well-settled principle that "knowledge of the contents of a contract is imputed to a contracting party even if that party did not read the contract before signing it." *Honeycutt*, 120 So. 3d at 413. This would of course include knowledge of the limits of an insurance policy. The policy in effect as of the date of loss of February 13, 2015, became effective on December 13, 2014. The policy declarations page of this document clearly shows uninsured/underinsured limits of $25,000/$50,000. Further, the address to which the policy was mailed is the same address pled as the Schopps' residence in their Amended Complaint. Finally the court notes the uncontested fact that the Schopps only paid premiums for uninsured/underinsured motorist coverage for $25,000/$50,000. They did not pay premiums for uninsured/underinsured motorist coverage equal to their chosen bodily injury liability limits.

## Conclusion

In accordance with the foregoing analysis, the court finds no genuine issue of material fact in this case. The defendant is therefore entitled to judgment as a matter of law, and its motion for summary judgment should be granted. A separate order in accordance with this opinion shall issue this day.

This 18th day of April, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE